**WASHINGTON v. GORDON, Secretary of Banking, et al.**

**O'BRIEN v. SAME.**

**Nos. 7845, 7849.**

District Court, E. D. Pennsylvania.

Oct. 4, 1934.

David Bortin, David Goff, and Alexander N. Rubin (of Hirschwald, Goff & Rubin), all of Philadelphia, Pa., for complainants.

Joseph K. Willing, of Philadelphia, Pa., Shippen Lewis, Sp. Deputy Atty. Gen., and William A. Schnader, Atty. Gen., for defendants.

WELSH, District Judge.

On the 25th day of August, 1933, Laura A. Washington, a citizen of the state of Connecticut, instituted proceedings in equity against William D. Gordon, Secretary of Banking, and Robert G. Funkhouser, Special Deputy, as agent in possession of the Chester County Trust Company.

The bill sets forth that the complainant is the holder of a participation certificate issued by the Chester County Trust Company of West Chester, Pa., in the sum of $40,000, of a trust fund mortgage pool; that this trust fund mortgage pool represents moneys received by the Chester County Trust Company, to be maintained as a trust fund, separate and apart from its assets, and invested in first mortgages secured on real estate in the state of Pennsylvania; that participation certificates in this pool have been issued by the Chester County Trust Company to various persons aggregating in amount the sum of $2,901,236.07; and that the funds have been invested in mortgages set apart from the assets of the trust company, as the property of complainant and other certificate holders.

The bill further avers that on February 14, 1933, the Chester County Trust Company was closed at the direction of William D. Gordon, Secretary of Banking of the State of Pennsylvania, by reason of its insolvent and unsafe condition, and the Secretary of Banking thereupon took possession of its assets, and is in the process of liquidating same; that at the time that the Secretary of Banking took possession of the assets of the trust company, he also took custody of the assets of the trust fund forming the mortgage pool.

The bill alleges that since the Secretary of Banking took into his custody the said mortgage pool, interest payments on many of the mortgages comprising part of its assets and taxes due on many parcels of real estate incumbered by mortgages of the mortgage pool have not been paid by the mortgagors or received by the Secretary of Banking or his deputy, and that little effort is made to secure the collection of such charges; that there is danger of sales of the incumbered real estate by reason of the nonpayment of taxes and little effort is made by the Secretary of Banking to compel payment of these taxes; that no interest or income has been received by the complainant or other certificate holders since the closing of the Chester County Trust Company, nor has the Secretary of Banking filed an account in relation to the said mortgage pool; that the management is, therefore, making little effort to protect the assets of the trust fund to the detriment and damage of complainant and like holders of

trust certificates. Complainant prays for the appointment of a receiver to conserve and administer the assets of the trust estate comprising the mortgage pool, for the benefit of its certificate holders exclusively.

On the same day the complainant filed her bill, she also filed a motion for the appointment of a receiver pending hearing on the bill and answer. A hearing was fixed on said motion for August 30, 1933. Due service was made of said bill, motion, and notice of hearing.

On August 30, 1933, a hearing was held, at which time counsel for complainant and defendants appeared. Defendants' counsel vigorously opposed the appointment of a receiver. No answer was filed at the time, nor has it since been filed. After argument, and upon consideration of the averments of complainant's bill, the court granted complainant's motion for appointment of a receiver, and entered an order appointing Edward W. Wells, Richard F. Ennis, Louis Breitinger, and John Hemphill, receivers, with directions to take possession of all mortgages, property, and assets comprising the trust mortgage pool originally held by Chester County Trust Company in its fiduciary capacity, but now in the custody of the Secretary of Banking, in possession of the Chester County Trust Company. Although the order appointing the receivers did not specifically so state, it was intended that this appointment should be temporary only until hearing on bill and answer. The court subsequently modified its original order so that the appointment was temporary until hearing on the bill and answer.

This matter is now before the court on two petitions filed by the Secretary of Banking for the State of Pennsylvania, one to vacate the order of appointment of receivers, and the other to dismiss the bill. The court fixed Friday, September 22, 1933, as a time for hearing on the said petitions. At this time counsel for both complainant and defendants again appeared and argued the questions involved at length. The Secretary of Banking resisted the appointment of receivers for the mortgage pool, principally on the ground that the federal court was without jurisdiction because, first, the action involved a suit against the state of Pennsylvania, and, second, because the Secretary of Banking, having filed a certificate of taking possession of the Chester County Trust Company's assets in the Judgment Index of Chester County, the Chester county court alone retained jurisdiction.

It is somewhat difficult to understand the position of the Banking Department of the State of Pennsylvania in this case. What interest and standing has that department? Their position is one of bare, temporary custody, with the duty and responsibility thrown upon them to divest themselves of even that status at the earliest possible moment. Section 40 of the Act of 1923 (Act June 15, 1923, P. L. 809).

Subsection (b) provides as follows: "*Substituted Fiduciaries*—Upon determining to liquidate the affairs of such corporation or person, the secretary shall forthwith give written notice to all parties interested in any such funds, property, or investments held in a fiduciary capacity, so far as such notice is practicable, requiring them within thirty days to apply to the proper court or official for the appointment of substituted fiduciaries to take the place of such corporation or person. On the failure or neglect of the parties so notified to make such application within the time designated, or in case the parties in interest can not be notified, the secretary shall himself apply for such appointment of substituted fiduciaries." 7 PS Pa. § 40 (b).

In order that this might be made perfectly plain and be beyond all question of doubt, the amending Act of May 15, 1933, P. L. 678, § 801 (71 PS § 733—801), specifically provides as follows: "References in this act to funds, property, or investments held in a fiduciary capacity by an institution of which the secretary has taken possession, shall apply only to funds, property, or investments held in such fiduciary capacity by the trust department of such institution, and shall not apply to funds, property or investments which were held by the commercial department of such institution."

This court continued the hearing on this case on two separate occasions in order to permit holders of participating certificates to appear and be heard. The court required all such persons who desired to intervene to do so and expressed a request for an expression of their views. No such holders of participating certificates have taken advantage of this offer and no one of such class is in any way concerned so far as the record in the instant case appears. At the last hearing it was stated by a member of the Bar present in the court that one of his associate members of the Bar desired him to state orally to the court that participating holders in a large amount would prefer that the matter be adjudicated in the local courts of Chester county, Pa.

■■ It would appear, therefore, from the record that the Banking Department of the State of Pennsylvania, with the record above referred to, had challenged fairly and squarely the jurisdiction of this court on the ground that jurisdiction conferred by the Constitution of the United States on nonresident plaintiffs does not apply. This contention is based on the argument that a statute of Pennsylvania, above referred to (act of 1933), can deny to such nonresident plaintiffs the right to the jurisdiction of this court.

The law on this subject as viewed by this court was fully expressed in a full and complete opinion recently in the case of Elson v. Mortgage Building & Loan Association (D. C.) 4 F.Supp. 779. The authorities and principle of law involved are there reviewed and set forth at length. The court deems it unnecessary at this time to again do this. It may help clarify the question if some reference is made to the alleged assumption of jurisdiction by the court of common pleas of Chester county. Section 604 of the act (71 PS § 733—604) provides:

"Certificates of possession; filing.

"A. The secretary, upon taking possession of the business and property of an institution as receiver, shall forthwith, under the seal of the department, prepare in duplicate a certificate, to be known as the certificate of possession, setting forth that he has become receiver of the institution. It shall state the name of the deputy receiver whom the secretary, pursuant to the provisions of this act, appoints to take charge of the affairs of the institution, and shall set forth the duties which he delegates to such deputy receiver. If the secretary does not appoint a deputy receiver prior to the date of the filing of the certificate of possession, or if he appoints a new deputy receiver or an additional one, or if he adds to the duties of the deputy receiver, he shall prepare, in duplicate, and file a supplement to the certificate of possession.

"B. The secretary shall file the original certificate of possession and the original of any supplement thereto in his office in Harrisburg, and the duplicate certificate of possession and the duplicate of any supplement thereto in the office of the prothonotary. The certificate of possession filed in the prothonotary's office, and any supplement thereto, shall be listed in the judgment index in the name of the institution as defendant and of the secretary as plaintiff.

"C. In addition the secretary shall, as soon as possible, file a certified copy of the certificate of possession, and of any supplement thereto, in the office of the recorder of deeds in each county in the Commonwealth, or with the proper official in any other state or country, in which any real property shall be situated which belongs to the institution or title to which is in its name, or upon which there is a mortgage or other lien which belongs to the institution or title to which is in its name. Such copy shall be recorded in the current deed book, and shall be indexed in the grantors' index in the name of the institution and in the grantees' index in the name of the secretary, or it shall be filed, indexed, or registered by whatever other method is provided by the law of the particular county, state, or country in which such real property is located."

It would seem from the provisions of the above act that the filing of a certificate which the defendants construe to be an assumption of court jurisdiction in Chester county is really nothing of the kind. It merely amounts to the making of a proclamation by which all persons are put upon notice of the new state of affairs existing with regard to the closed institution.

The comity which exists between jurisdictions, and which would give control to the tribunal first assuming it, must be an actual, real taking of the case in hand. It was admitted during the argument of the instant case that no judge of a Chester county court had the power to refuse or reject anything done in this case by the Banking Department. This court, therefore, holds that there has been no jurisdiction within the meaning of the term by the local court in question. This court having affirmed the jurisdiction of the federal court in the instant case, a word as to the motives which move it as a chancellor to act would seem to be in order. It must be remembered that the Banking Department took charge of the defunct institution on February 14, 1933. Notwithstanding the fact that millions of dollars are concerned, and a large number of certificate holders are involved, nothing has been done by the Banking Department to provide the means for an active, intelligent, responsible administration of its pools. Just why such a situation has continued to exist has not been explained. Nonresident petitioners in this case are dissatisfied with such inaction. In the exercise of their constitutional rights, they have appealed to the equity side of this court for relief. They are alarmed over the safety of their holdings. No excuse, no explanation, and no promises of a future policy have been given. No interested group of fellow participants in the pool have entered an appearance or objected

**916**

as a matter of record. This court, therefore, feels that it not only has jurisdiction, but that, in view of the status of the case, its duty as a chancellor is that that jurisdiction be recognized and that the prayer for relief be granted.

The prayer of the petition to vacate the appointment of the receiver is dismissed.